### STATE v. STEPHEN SMITH.

(Filed 23 March, 1910.)

**Spirituous Liquors—Procuring Sale—Police Officers—Evidence— "Connivance."**

A conviction for retailing whiskey, contrary to statute. is not affected by the fact that it was obtained upon evidence obtained by police officers furnishing money and employing one to buy it from defendant, without suggestion that any inducement to the sale had been held out to him. There is a distinction from those cases holding that a "connivance" of the parties will bar a cause of action.

APPEAL by defendant from *W. R. Allen, J.,* at February Term, 1910, of WAKE.

The facts are stated in the opinion of the Court.

*Attorney-General* for the State.
*Douglass & Lyon* for defendant.

CLARK, C. J. The defendant was indicted for retailing whiskey. The evidence for the State tended to show that J. P. Stell, the chief of police of Raleigh, furnished certain money to witness Hammock with which to buy liquor, and, also, additional pay for his services in the matter, and under orders of the chief of police he went to the defendant, in company with one Pope, a city policeman, and purchased intoxicating liquor of the defendant, with the view of having him indicted and punished in the court of the police justice of the city of Raleigh.

The sole question presented by the appeal is whether this conduct on the part of the chief of police is a bar to the prosecution. In McLean on Criminal Law, sec. 118, it is said: "A question analogous to the one discussed in the preceding section, and yet depending for its solution on somewhat different principles, is as to whether one who has been decoyed into a criminal act for the purpose of securing his detection and punishment is relieved from criminal liability by that fact. It is sometimes suggested that it is very improper and unworthy on the part of prosecuting officers to induce men to be criminals for the purpose of securing their conviction, and such conduct has been criticised; but it is a well-settled principle that the wrongful acts of officers of the State in connection with a prosecution will not be imputed to the State so as to excuse the defendant from criminal liability for what he actually does."

*Evanston v. Myers,* 172 Ill., 266, is directly in point. "A driver of a beer wagon who sells beer in violation of city ordinances is liable to punishment, though the city furnished the money and employed the purchaser as a detective to discover violations of the ordinance, where no fraud or deceit was used in the purchase or any inducement offered other than a willingness to buy."

In *Rater v. State,* 49 Ind., 508, it is held that "the fact that a party was deceived into violation of the law by one who was employed as a detective will not be a justification."

In *People v. Rush,* 113 Mich., 539, it is held: "The fact that a witness to whom an unlawful sale of liquor was made was employed by the prosecuting attorney as a detective with a view to respondent's prosecution is no defense."

Many other cases are to the same purport. Among them, *Grimm v. U. S.,* 156 U. S., 604, where a detective suspecting a person was using the mail for sending out obscene matter, wrote a letter, in response to which the defendant mailed such matter. It was held that the defendant could not set up the defense that but for such application he would not have sent out this response. In *People v. Everts,* 112 Mich., 194, and *People v. Rush,* 113 *id.,* 539, it was held no defense in an indictment for an unlawful sale of liquor that it was made to a detective sent by a prosecuting attorney that he might use such purchase and sale as evidence. Indeed, the authorities are numerous, and it would cripple the effective enforcement of the criminal law if it were not permissible to thus procure evidence.

There are some seeming exceptions, for instance, in larceny, whenever the conduct of the owner amounts to a consent that his property may be taken. The reason is that in larceny it is

an indispensable element of the offense that the property shall be taken "against the will of the owner." Also, in proceedings for divorce, if the plaintiff secures some one to entice the defendant into illicit acts. The reason is that "connivance" is always a bar to the plaintiff's cause of action. *Dennis v. Dennis,* 57 Am. St., 95. But as to prosecution for offenses, not against individuals, but against the public, like the present, it is no defense that the illegal sale was made to a party who bought not for his own use, but to aid in convicting the seller. It is not the motive of the buyer, but the conduct of the seller which is to be considered.

The Attorney-General in concluding his brief says: "In the case at bar it does not appear that the chief of police told Hammock to induce any sale. He simply furnished the money and told him to endeavor to buy the liquor. The officer doubtless had the best of reasons for believing there was a live 'tiger' in the house of defendant. He put out his bait and the tiger, for all his cunning, 'bolted it,' and now complains that the law of the jungle was violated, else he would not have been entrapped." The defendant's counsel, in reply to this, strenuously contended that his client was a donkey, not a tiger. As to that controversy, *"Non nostrum est, tantas componere lites."*

In the appeal, we find

No error.