### AULTMAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. May 4, 1923.)

No. 4048.

1. **Criminal law ⬰37—Entrapment not a defense, where consisting only of affording facilities to one suspected of willingness to transgress law.**

Where the participation of government officers in a transaction which resulted in the commission of a crime amounts only to placing facilities for its commission in the way of one suspected of willingness to commit it, such facilitating or affording of an opportunity to commit the crime is not a defense available to the perpetrator of the crime.

2. **Criminal law ⬰37—Facts held not to constitute entrapment by government officers.**

Where government agents, learning from informers that persons were in town to purchase narcotics, and with reason suspected that defendant was engaged in illegal traffic in narcotics, procured a meeting between such persons and defendant, there was no entrapment, where defendants were willing to engage in the unlawful traffic whenever opportunity offered.

In Error to the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Criminal proceeding by the United States against H. O. Aultman and another for unlawful possession, sale, and importation of drugs. From a judgment of conviction, defendants bring error. Affirmed.

Breedlove Smith, of El Paso, Tex., for plaintiffs in error.

H. R. Gamble, Sp. Asst. Atty. Gen. (John D. Hartman, U. S. Atty., of San Antonio, Tex., N. J. Morrisson, Asst. U. S. Atty., of El Paso, Tex., and H. R. Gamble, Sp. Asst. Atty. Gen., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error, H. O. Aultman and C. W. Warden (herein called defendants), were joined in an indictment with three other persons, Noble, Hughes, and Castro. Castro obtained a severance, and Noble and Hughes pleaded guilty and were witnesses for the government in the trial. Defendants were tried and convicted on the third, fifth, ninth, and tenth counts of the indictment, which, respectively, charged unlawful importation of cocaine into the United States from Mexico, unlawful possession of cocaine, unlawful

---

⬰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sale of morphine, and unlawful sale of cocaine. In behalf of defendants it was contended that the court's refusal to give a requested charge to the jury to find in their favor was erroneous, because the evidence adduced showed that they were enticed or entrapped by an agent or agents of the government into committing the offenses for which they were tried. In its charge to the jury the court gave instructions, which were not excepted to, on the subjects of instigation, inducement, and entrapment, which included instructions to find in favor of the defendants, if the jury found in accordance with some of the evidence in those regards which was adduced.

Evidence adduced tended to prove the following: A government narcotic agent at El Paso, upon learning through an informer that Noble and Hughes, who lived in Oklahoma, were in El Paso for the purpose of making an unlawful purchase of narcotics, and suspecting, and having good reason to suspect, that Warden was engaged in illegal traffic in narcotics, by means of persons employed by the government brought about a meeting between Noble and Hughes and Warden, whereupon Warden, on learning from Noble and Hughes that they desired to buy narcotics illegally, agreed to aid them in doing so, procured the co-operation of Aultman and Castro, and assisted in bringing about the importation from Mexico of cocaine and morphine and the unlawful sale of it to Noble and Hughes.

[1, 2] There was evidence to support a finding that the defendants, before anything was done to bring either of them into communication with Noble and Hughes, were willing to engage in unlawful traffic in narcotics when an opportunity to do so was presented. Where the participation of a government agency in a transaction which results in the commission of a crime amounts only to placing facilities for its commission in the way of one suspected of a willingness to commit it, such facilitating or affording of an opportunity to commit the crime is not a defense to the perpetrator of it. Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550; Price v. United States, 165 U. S. 311, 17 Sup. Ct. 366, 41 L. Ed. 727; State v. Smith, 152 N. C. 798, 67 S. E. 508, 30 L. R. A. (N. S.) 946. It is not necessary to determine whether the rule stated would apply if the conduct charged was not a crime, if it was consented to by a person or persons who enacted the part of decoys or entrappers, as the consent or nonconsent of persons employed by the government was not an element of the offenses of which the defendants were convicted. The court did not err in its above-mentioned ruling, which is the only one that was relied on as a ground for reversing the judgment.

The judgment is affirmed.