ROOSEVELT CORNELIUS, JR. and MILLER GUYTON v. STATE.

No. 26,314. March 18, 1953.

No attorney for appellant of record on appeal.

*William E. Clayton*, District Attorney, *Wm. B. Jennings*, Assistant District Attorney, El Paso, and *George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Possession of marihuana is the offense. The punishment, two years in the penitentiary.

Appellants were in company with one Ivory Mack Austin and Verdell Walker when police officers searched them on the streets of El Paso.

A package containing five marihuana cigarettes was found between the sidewalk and curb near the parties, but nothing was found on the person of either.

Walker, who had been convicted of possessing the marihuana, was a witness for the state. He testified that he had purchased the marihuana with funds contributed by appellants and Austin, at their request, and had delivered the package to Austin prior to seeing the officers. He testified that he saw Austin throw the marihuana away when the officers appeared.

Another state witness, Mrs. Bryant, testified that Walker dropped the package and she pointed it out to the officers.

Appellants' guilt is made to depend upon an application of the law of principals, they having agreed to the commission of the offense when they contributed to the fund delivered by Austin to Walker for the purchase of marihuana, and being present at a time when Walker or Austin had possession of such marihuana.

Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act. Art. 69 P.C.

Construing this statute this court, in Rodriguez v. State, 100 Tex. Cr. R. 11, 271 S.W. 380, 382, said:

"If, therefore, appellant gave money to Vicente to procure the whisky with and the latter went across the river in pursuance of this agreement, got the whisky and was joined by appellant and Francisco while he was bringing the liquor back to the point where they were to drink it, this would make appellant guilty as a principal offender with Vicente in the transportation."

The trial court properly instructed the jury on the law of principals and there are no exceptions in the record.

Under the provisions of Art. 725b, Sec. 24(a), V.A.P.C., a conviction for possession of a narcotic drug may be had upon the uncorroborated testimony of an accomplice.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.