READELL PERRY V. STATE

No. 28,661. January 9, 1957.

C. C. Divine, Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of marijuana; the punishment, five years.

The state's evidence shows that Officers Shepherd and Taylor, while on patrol duty in the city of Houston around nine o'clock P.M., observed an automobile being driven by the appellant, which, the evidence showed, belonged to his mother, in the 4800 Block of Market Street, without the tail lights burning. After signalling for the appellant to stop, and while following close behind, the officers observed an object thrown from the right-hand side of the automobile as it was slowing down and which was from the side on which the appellant's companion, Otha Washington, was seated. Officer Shepherd proceeded to the edge of the pavement and picked up the object, which, the evidence shows, appeared to be a penicillin box containing eleven cigarettes. Officer Taylor then searched the automobile and found in the glove compartment a penicillin bottle on which was a number, about which the evidence is conflicting; but indicates that it was the same number as that on the penicillin box found by Officer Shepherd. Appellant and his companion were then taken by the officers to the police station, where dustings were taken from their pockets.

It was shown by Chemist Crawford of the Houston Police Department that the cigarettes contained marijuana and that the pocket dustings taken both from the appellant and his companion contained a few particles of marijuana.

As a witness in his own behalf, appellant testified that he had never knowingly possessed any marijuana and did not know that his companion, Washington, had any material of any contraband nature in the car. Appellant admitted that the penicillin bottle found in the glove compartment belonged to him and that he last saw it in a box in the glove compartment which was the same type penicillin box that Officer Shepherd brought back to the car.

The court, in his charge, instructed the jury on the law of principals.

Appellant questions the sufficiency of the evidence to sustain the jury's verdict.

The testimony showing that the box containing marijuana cigarettes was thrown from the automobile in which appellant and his companion were riding, together with the testimony that they each had particles of marijuana in their pockets, and the other facts and circumstances, is, in our opinion, sufficient to show that appellant and his companion jointly possessed the marijuana cigarettes, and supports the jury's verdict finding appellant guilty.

In his brief, appellant questions the legality of the search of the automobile and of his person.

An examination of the record does not reflect that appellant made any objection to the testimony relative to the search of the automobile or of his person, but does show that, when the fruits of the search were offered in evidence, appellant stated that he had no objection. Under the record, appellant is shown to have waived any objection to the search, and nothing is presented for review. Davis v. State, 156 Texas Cr. Rep. 529, 244 S.W. 2d 241; and Wyatt v. State, 162 Texas Cr. Rep. 134, 262 S.W. 2d 392.

Informal Bill of Exception No. 1 presents appellant's exception to the action of the court in overruling his request to examine the witness Shepherd on voir dire. The bill reflects that, during the direct examination of the witness, the appellant's counsel stated: "Your honor, may I have this witness on voir dire," but did not apprise the court for what purpose the voir dire examination was desired. Under the record, it does not appear that the court abused his discretion in refusing the request; hence no error is shown.

Informal Bill of Exception No. 2 presents appellant's contention that the court permitted the witness Taylor to testify, from a written memorandum, over appellant's objection, that the witness had not made the memorandum. The record does not support the contention that the witness used the memorandum to refresh his memory, but only reflects that he referred to the memorandum when requested by appellant's counsel. The contention is overruled.

We perceive no error in Informal Bill of Exception No. 3, which complains of the court's refusal to declare a mistrial after state's counsel had asked the appellant's mother, on re-direct examination, if she had heard he was charged with robbery, in

May of 1953. The bill reflects that the question was propounded after appellant's counsel, on cross-examination of the witness as to whether the appellant had been a good son to her, had stated that he was putting the appellant's character in issue and that it was the state's privilege to attack it. The question did not violate the rule which prohibits asking a character witness if he knows of specific acts of misconduct of an accused. Adams v. State, 158 Texas Cr. Rep. 306, 255 S.W. 2d 513. The bill further shows that appellant's objection to the question was by the court sustained and the jury instructed to disregard it. The court's action was sufficient to overcome any possible injury from the asking of the question.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.