PETE GONZALES DAVILA V. STATE

No. 31,819. April 13, 1960
Motion for Rehearing Overruled May 25, 1960

*T. M. Reid,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of a narcotic drug; the punishment, 2 years.

The sufficiency of the evidence is challenged.

The state's evidence shows that on the day in question two highway patrolmen, while on patrol duty, observed a pick-up parked on the wrong side of a county road. As they approached, the pick-up started up and drove past the patrol car proceeding in the opposite direction. Patrolman Joy motioned for the pick-up to stop. At such time appellant was driving the pick-up and one Rudy Flores was riding with him as a passenger. After the pick-up passed the patrol car, Patrolman Joy observed the appellant swerve the pick-up over in the ditch at which time Flores threw some white objects from the vehicle. The pick-up then traveled a short distance and stopped, whereupon the patrolmen backed up to where appellant and Flores were seated in the vehicle. After appellant and his companion Flores had denied throwing anything from the pick-up, Patrolman Joy, in company with Flores, went to the vicinity where the objects were seen thrown from the pick-up and there found 19 cigarettes on the ground just across the fence from the road.

An examination of the cigarettes by the chemist of the Texas State Department of Public Safety showed that they contained marijuana.

Testifying as a witness in his own behalf, appellant denied that he possessed the marijuana cigarettes and stated that he did not see or know anything about Flores throwing any cigarettes from the pick-up. Appellant stated that the reason

he had stopped the pick-up was to permit Flores to get out and answer a call of nature.

In submitting the issue of appellant's guilt to the jury the court charged the jury on the law of principals and circumstantial evidence and instructed the jury to aquit the appellant even though it believed the marijuana was thrown from the pick-up if it had a reasonable doubt that appellant had personal knowledge of the presence of the marijuana at the time and place in question.

We have concluded that the evidence is sufficient to sustain the conviction.

A narcotic drug may be jointly possessed by two or more persons. Perry v. State, 164 Tex. Cr. R. 122, 297 S. W. 2d 187. The evidence is sufficient to show that the marijuana cigarettes in question were thrown from the pick-up by the appellant's companion, Rudy Flores. At such time appellant was present and driving the pick-up. Appellant's actions in driving the pick-up some sixty feet past the patrol car after being signaled to stop and in swerving the pick-up over in the ditch when Flores threw the cigarettes out of the vehicle with the other facts and circumstances were sufficient to show that he and Flores were acting together in possessing the marijuana cigarettes in question.

The judgment is affirmed.

Opinion approved by the Court.