Jacinto H. RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 36060.

Court of Criminal Appeals of Texas.

Nov. 13, 1963.

Rehearing Denied Dec. 18, 1963.

Joseph L. Nanus, McAllen, for appellant.

R. L. Lattimore, Dist. Atty., Oscar B. McInnis, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is the possession of marihuana; the punishment, 10 years confinement in the state penitentiary.

Richard Harlan, Narcotic Agent for the Department of Public Safety, testified that on the 15th day of January, 1963, at about 3:00 P.M., he was taking Officer George Salinas of the McAllen Police Department to show him where three cases of beer were cached in the brush in a non-populated area in the southwest section of McAllen, which the police would stake out to see who owned the beer. While proceeding in that vicinity, he and Officer Salinas noticed a 1953 Oldsmobile automobile without a front license plate parked facing the approaching officers on the left side of the street. The Oldsmobile pulled away at a high rate of speed, the officers in pursuit. After a short chase, the car was forced off the road and to a halt. Officer Salinas stepped out in uniform and told the two occupants of the Oldsmobile to, "Stop. Hold it. Police Officers." Thereupon the Oldsmobile sped away at a high rate of speed, the officers about 20 feet behind pursuing. The appellant was recognized as the driver of the car, and the other occupant, (sitting in the front on the right), was later identified as Agustin Delgado. While pursuing the appellant and his companion, the officers observed Delgado roll down the right front window and throw out a small package. At this time, Officer Salinas fired a warning shot which struck the car, and it stopped. The officers recovered the package which was found to contain three "cartouches" of marihuana. The appellant and his companion were placed under arrest; the car was searched and marihuana

traces were found in torn places of the front seat under where the driver was sitting, on the rear seat and scattered about in the automobile. The testimony of Officer Salinas was substantially the same as that of the narcotic agent. A chemist for the Department of Public Safety identified the substance as being marihuana and further testified that the three cartouches of marihuana contained 19.7 grams, or roughly enough marihuana to make sixty cigarettes. The jury was charged on the law of principals and instructed to find the appellant guilty if they believed that he, either acting alone or as a principal, had possession and control of the marihuana in question. (Appellant did not testify and adduced no evidence.)

No objection was made to the court's charge nor special instructions requested. No formal bills of exception were filed but two informal bills appear in this Statement of Facts.

Appellant contends by his first informal bill that the Court erred in allowing State's witness, Roger Bickam, a chemist for the Department of Public Safety, to testify as to various state's exhibits being marihuana, after appellant had stipulated that "this is marihuana". It is appellant's contention that this testimony was prejudicial to him. Granting that it may have been prejudicial to appellant, we perceive of no error in the trial court's action in admitting this testimony. The State may adduce its testimony as it sees fit, and it may or may not agree to a stipulation.

The other informal bill complains of the action of the trial court in overruling appellant's motion for an instructed verdict. It being appellant's contention that the evidence is insufficient to convict him as a principal since he was not in actual possession of any marihuana himself. We find no error in the action of the trial court. As we view the evidence, we find it sufficient to sustain the conviction of appellant as a principal. Davila v. State, 169 Tex.Cr.R. 502, 335 S.W.2d 610.

Finding no reversible error, the judgment is affirmed.