**Cruz VELA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36238.**

Court of Criminal Appeals of Texas.

Dec. 18, 1963.

**506**

Marvin Foster, Jr., Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is unlawful possession of marijuana; the punishment, two years in the state penitentiary.

The evidence reflects that Joe Kinder, an undercover agent for the Narcotics Division of the Texas Department of Public Safety, went to Corpus Christi at the request of Ranger, Frank Horger; that Kinder had been trained by the State and by the Treasury Department, Bureau of Narcotics.

Kinder testified that in Corpus Christi he associated with disreputable characters; went to beer joints and to a marijuana party, but did not smoke any marijuana; that on the 6th of December, 1962, he drove Alberto Estrada to the Paradise Club where appellant got into the car with them; that they drove around and finally stopped by a vacant lot, where appellant and Estrada got out of the car and walked off. Approximately ten minutes later Estrada came back to the car, and he (Kinder) went to Estrada's house; that he (Kinder) had tried to buy some marijuana from Estrada before and could not, but after they returned from the meeting with appellant, a purchase was made from Estrada.

Kinder testified further that on the 7th day of January, the night in question, in the company of Alberto Estrada and an informer, while driving in the vicinity of Baldwin Street, Estrada said, "Stop," and upon stopping, a car pulled up directly behind them; that he (Kinder) was sitting in the back seat of the informer's automobile; and through the back window of the car he saw appellant get out of the second car; that Estrada talked to appellant at the rear of the informer's car, some 5 steps away. Estrada returned to the car and said, "He had, he had got some stuff, how much do you want?" that he (Kinder) handed Estrada $5.00 and said, "Buy me a nickle box," that Estrada went back to where appellant remained standing; that Estrada and appellant were never out of his sight. Appellant passed something to Estrada who immediately returned to the car and handed Kinder a penny match box which he (Kinder) put in his pocket.

Kinder further testified that his eyes remained on Estrada's hand throughout the

transaction and that after taking the item from appellant Estrada did not put his hand in his pocket, and when the box was handed to him (Kinder) there was nothing else in Estrada's hand; that upon returning to his motel, the contents of the match box were examined, then sealed and marked for identification.

J. D. Chastain, laboratory manager of the crime laboratory for the Texas Department of Public Safety, testified that he examined the contents of the match box and found it to contain 3 grams of marijuana.

■ We find the evidence sufficient to sustain the conviction.

Appellant contends officer Kinder was "particeps criminis" in the crime and that the issues of entrapment and the need for corroboration of an accomplice witness' testimony were raised by the evidence. He contends that the trial court erred in not so charging the jury.

■ We find no error in the trial court's refusal to submit the issues as requested. An officer does not become a party to a crime if he participates therein solely for the purpose of apprehending one engaged in crime and bringing him to justice. See Aguero v. State, 164 Tex.Cr.R. 265, 298 S.W.2d 822 and numerous cases cited therein. We agree with appellant that if there is a conflict in the evidence the question should be submitted to the jury. A thorough search of the record reveals an absence of testimony supporting appellant's contention putting Officer Kinder's status in issue.

■ "* * * if there is not enough evidence to support a charge against the witness as either a principal, an accomplice or an accessory, then he is not an accomplice witness." Lundy v. State, 165 Tex.Cr.R. 111, 296 S.W.2d 775; see also Martoni v. State, 74 Tex.Cr.R. 90, 167 S.W. 349, a case similar to the one at bar in which we held, "Under the statute and many decisions of this state he was not an accomplice, so that the court did not err in not charging that he was such, and requiring his testimony to be corroborated."

■ It is the general rule that where the criminal intent originates in the mind of the accused, the fact that an officer furnishes the opportunity for, or aids the accused in the commission of a crime, constitutes no defense to such prosecution. Stevens v. State, 133 Tex.Cr.R. 333, 110 S.W.2d 906; Ivy v. State, 161 Tex.Cr.R. 371, 277 S.W.2d 712, and cases cited therein. In the instant case the issue of entrapment was not raised by the evidence.

Accordingly, we conclude that appellant was not entitled to the charges requested.

Finding no reversible error, the judgment is affirmed.