Jo Ann COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 38382.

Court of Criminal Appeals of Texas.

June 23, 1965.

Rehearing Denied Oct. 20, 1965.

John W. O'Dowd, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Allen Stilley,

Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the possession of heroin; the punishment, ten years.

Officers Hightower and Tissue went to a multi-unit apartment house in response to a telephone call from the manager. Upon their arrival, the manager showed them several objects which included a small box containing a cellophane package and fifteen capsules of brownish powder, fifteen other capsules with only traces of a brownish powder in them, and an eye dropper and a needle attached to the box with adhesive tape. After examining the contents of the capsules and the cellophane wrapper Officer Hightower expressed the opinion that they contained heroin. The officers and the manager then taped the package underneath a table in the washateria which was used for folding clothes so that it was necessary to look up underneath the table to see it. The washateria was open to the public in a separate building nearby, and the owner of the package was unknown to the officers. The officers secluded themselves in a vacant apartment within view of and about fifteen yards from the washateria. While they were watching, the appellant, carrying no clothes for washing, approached and entered the washateria, her blouse tucked into the waistband of her slacks. The officers saw her go to the table but not all of her body was visible to them while she was there. In about thirty seconds the appellant came out of the washateria, walking toward the officers. As she did so, the officers left the apartment. At such time they could see a portion of the package in the waistband of her slacks, her blouse still being tucked in except for the portion partially covering the package. When in speaking distance Officer Tissue said to the appellant, "give me the stuff", and she reached in her waistband and handed him the package. The table was inspected at this time and the package which had been under it was missing. The package and its contents were identified by the officers as being the one they had taped under the table. The package and contents received from the appellant were marked for identification.

An analysis by a chemist of the cellophane paper and the capsules in the package revealed that they contained heroin.

The appellant testified that she occupied one of the apartments and was at the washateria at the time and place in question; that she had gone to the washateria to remove some clothes which she had put into a washing machine earlier and to change them to a dryer; that as she walked into the washateria she saw on the floor a package completely wrapped with tape, and, being curious and forgetting about the clothes, placed it in her waistband but did not try to conceal it; that she then left the washateria for the purpose of returning to her apartment to find out what was in the package, and that after going a short distance, she was stopped by the officers.

In rebuttal for the state, Officer Tissue testified that at the time the appellant entered the washateria all of the doors of all washing machines and dryers were open, and there were no clothes in any of them.

The appellant relies for reversal solely upon the refusal of the court to charge the jury on entrapment.

The evidence does not show that the criminal design originated in the mind of the officers and that they induced the appellant to act in a manner in which she would not have otherwise acted except for such inducement, even though they may have furnished the opportunity for her to commit the offense. No issue of entrapment was raised by the evidence. Vela v. State, Tex.Cr.App., 373 S.W.2d 505.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.