**Valentino Ruben OCHOA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42152.**

Court of Criminal Appeals of Texas.

June 18, 1969.

Rehearing Denied Sept. 22, 1969.

Reynold M. Gardner, Amarillo, for appellant.

Tom Curtis, Dist. Atty., John B. Reese, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is possession of marihuana; the punishment, 5 years.

The State's evidence reflects that on July 13, 1968, Dave Griffin, an Amarillo City policeman, was working as an undercover narcotics agent. At approximately 7:30 p. m. he went to the Hong Kong Lounge in the City of Amarillo attired as a "hippie" and sat at a table with the appellant Ochoa, Willie John Via and his wife Pat Via, and Ray and Fred Salazar. Griffin knew the other parties but did not at the time know the appellant or his name. He then announced to those assembled that he had arranged to purchase some marihuana that night and shortly thereafter Gracie Allen Grimes appeared. She related she not only had the "lid" [1] ordered

---

1. The record reflects that a "lid" is commonly known by narcotic users as an

amount it would take to fill a Prince Albert can.

by Grifffin but an additional match box and a half of marihuana. Griffin paid her for the "lid" and Willie John Via and Fred Salazar purchased the surplus. It appears all the marihuana was in one plastic container.

Not long thereafter the group seated at the table departed for Willie John Via's house. While the appellant was in the living room the others examined the purchase in the kitchen and decided that they had not received the right amount and that it was laced with tobacco or other substance. They all then returned to the Hong Kong Lounge where Griffin as spokesman took up their complaint with Gracie Grimes who promised to check with her supplier. The group then decided to return to the Via home.

There in the kitchen Griffin measured out of the container a match box and a half of the substance and Willie John Via and Fred Salazar rolled eleven cigarettes or "joints" from that amount, the eleventh one being the largest and was referred to as the "killer."

Via lit the "killer" and walked to the living room where he handed the cigarette to Fred Salazar to smoke who in turn handed it to the appellant who then "puffed" the same inhaling deeply and who then passed the cigarette to Ray Salazar who passed it to Griffin when he was through. Officer Griffin related he pretended to smoke and did not inhale. He returned the "killer" to Via. The same process continued until the cigarette was "used up."

Shortly thereafter Griffin left taking with him the substance remaining in the plastic bag which he turned over to a fellow officer. The chain of custody was established and the chemist testified that the substance in the plastic bag was marihuana.

In his first ground of error appellant contends the evidence establishes entrapment as a matter of law.

In Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, this Court said:

"It is the general rule that where the criminal intent originates in the mind of an accused, the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. However, if the criminal design originates in the mind of the officer and he induces a person to commit a crime which he would not otherwise have committed except for such inducement, such is entrapment and, in law, may constitute defense." 343 S.W.2d 454; See also Clark v. State, Tex.Cr.App., 398 S. W.2d 763; Vela v. State, Tex.Cr.App., 373 S.W.2d 505; Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762.

While Griffin was responsible for marihuana being available on the night in question, it is clear that he did not by persuasion, enticement or inducement lure the appellant into possession of any narcotic. As far as the record is concerned, there is no showing that Griffin ever personally conversed with the appellant concerning his use or possession of the substance in question. We cannot agree that entrapment as a matter of law was established. Further, we note the careful trial judge submitted the issue of entrapment to the jury instructing them to acquit if they found there was entrapment.

Ground of error #1 is overruled.

Next appellant challenges the sufficiency of the evidence to sustain the conviction. First, he urges that Griffin was an accomplice witness and his testimony was not corroborated. See Article 38.14, Vernon's Ann.C.C.P.

In Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139, this Court held that an undercover "agent is not an accomplice witness so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in the traffic." See also Jones v. State, Tex.Cr.App., 427

S.W.2d 616; Clark v. State, Tex.Cr.App., 398 S.W.2d 763; Vela v. State, Tex.Cr. App., 373 S.W.2d 505.

 We do not find that Griffin was an accomplice witness under the facts here presented.

 Further, appellant contends the evidence fails to show appellant had possession of the marihuana. The record shows that appellant smoked the cigarette then handed it to the next man in the room and that the process continued until the "killer" was "used up." A narcotic drug may be jointly possessed by two or more persons. Perry v. State, 164 Tex.Cr.R. 122, 297 S.W.2d 187.

 We deem the facts and circumstances sufficient to show appellant and the others acting together in possessing the marihuana in question. Davila v. State, 169 Tex.Cr.R. 502, 335 S.W.2d 610; Vela v. State, Tex.Cr.App., 365 S.W.2d 15; Rodriquez v. State, Tex.Cr.App., 373 S.W.2d 258; See also Cornelius v. State, 158 Tex.Cr.R. 356, 256 S.W.2d 102; 30A Texas Digest, Poisons ☞ 4.

Ground of error #2 is overruled.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

Again it is urged that entrapment has been shown as a matter of law. We quote from Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, which in turn quotes from Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, as follows:

"*The fact the the Government agents merely afford opportunities or facilities for the commission of the offense does not constitute entrapment.* Entrapment occurs only when the criminal conduct was the product of the creative activity of law-enforcement officials." See 287 U.S., at 441, 451, 53 S.Ct., at 216.[1]

In the case at bar the agent did not converse with this appellant except as a member of a group. He encouraged appellant to commit no act.

It was not this agent who handed the cigarettes to the appellant, and was therefore, not the person who caused this appellant to participate in this offense.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.

---

1. Aultman v. United States, 289 F. 251 (CA 5th, 1923); See also Obrien v. United States, 51 F.2d 674, 678 (CA 7th, 1931); Neill v. United States, 225 F.2d 174, 178 (CA 8th, 1955); United States v. Thompson, 366 F.2d 167 (CA 6th, 1966); Rogers v. United States, 367 F.2d 998 (CA 8th, 1966).