HENRY DENNIS STAMPS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5017

May 23, 1967                    428 P.2d 187

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted by a jury of the crime of possession of narcotics, sentenced to five years in the state prison, and fined $100. Prior to trial, a motion to suppress evidence was denied. Appellant asserts as error the denial of that motion. He also contends that there was insufficient evidence to show that he had possession of the narcotics which were introduced against him.

Two officers of the Las Vegas police force, while making a routine check of the residences of suspected narcotics peddlers, drove by 1405 Helen Street in their unmarked vehicle during the evening of June 5, 1965. A car which they did not recognize was parked in the driveway with its headlights and blinker light on and with the motor running. The officers parked nearby and waited to see who would get into the car.

The appellant, whom the officers knew but did not recognize, came out of the house, got into the car, and drove away. The police followed.

Stamps pulled his vehicle into the crowded parking lot of the Hillcrest Tavern with the officers close behind. As the two detectives parked next to his car, appellant jumped out, leaving the motor running and the lights on. He reached into

his left-hand pocket and made a throwing motion toward the rear of the car. One officer testified to having seen a yellow object being thrown.

The officers, who were not in uniform, verbally identified themselves to the fleeing man. After a brief chase he was tackled and restrained. During the scuffle appellant was shown a police badge.

All three returned to the vicinity of the cars. With the aid of a flashlight, the officers found near the rear of the car three balloons lying within a foot of each other—one was yellow. Each balloon contained a number of capsules filled with a white powdery substance later analyzed as heroin.

Evidence of the throwing of a yellow object, coupled with the finding of a yellow balloon containing heroin in the area where the thrown object would have landed, will support the inference by the jury that defendant had possession of the object thrown. People v. Cisneros, 332 P.2d 376 (Cal.Dist. Ct.App. 1958); People v. Spicer, 329 P.2d 917 (Cal.Dist.Ct. App. 1958); People v. Lawton, 309 P.2d 862 (Cal.Dist. Ct.App. 1957). The officers discovered the evidence in a public area where it was voluntarily thrown, hence there was no search. Looking at that which is open to view is not a search. Ellison v. United States, 206 F.2d 476 (D.C. Cir. 1953). An officer may take custody of proper objects of seizure which he sees in plain sight if he is lawfully where he is. Ker v. California, 374 U.S. 23 (1963); Heffley v. State, 83 Nev. 100, 423 P.2d 666 (1967).

Affirmed.