CHARLES LOFTON, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5236

September 25, 1967                    431 P.2d 981

*Babcock & Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney and *James D. Santini* and *James L.*

*Buchanan, II,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, COLLINS, J.:

Charles Lofton appeals from a denial of habeas corpus following a preliminary examination and contends there was not probable cause to require him to stand trial. The only issue presented is whether his initial arrest was lawful, constitutionally justifying a search of his person which produced marijuana. The trial court found the search was preceded by a lawful arrest, and denied his discharge. We affirm.

Two Las Vegas police officers, Maddock and Schultz, while on regular patrol entered the Louisiana Club. They observed Lofton seated next to a woman, with his back to the bar facing the entrance. They described him as having a blank look; his eyes were very glassy; he continued to stare at the door; and he didn't seem to know what was going on about him. He was not engaged in any loud or boisterous conduct. The officers conferred about his condition and then asked Lofton to come outside to speak with them. He agreed. While exiting from the bar the officers held him by both arms because he appeared to need their assistance to keep from falling and was unsure on his feet.

Outside the bar one officer attempted to speak to Lofton while the other continued to support him. When asked, among

other things, how much he had drunk, he either would not or could not answer the question. His speech was very incoherent and he appeared not to understand the questions. His breath smelled heavily of alcohol. The officers gave him no specific tests for intoxication nor permitted him to walk alone. According to the officers he appeared to be under the influence of alcohol to the point he could not care for himself. Officer Schultz placed him under arrest as a person in a disorderly condition, a municipal misdemeanor.

Lofton, during this entire period had kept his left hand in his pocket. After the arrest was made, his left hand in his pocket became very stiff. The officers testified they believed him to have a weapon and asked him to remove his hand. He refused and increased his resistence. The officers forced removal of his hand from the pocket, out of which fell a small foil ball. It was retrieved from the ground and was determined to contain eleven marijuana cigarettes. Lofton was charged with possession of narcotics and the cigarettes were later admitted in evidence against him.

He complains the officer had no just cause to arrest him without a warrant; there being no valid arrest, they had no constitutional right to search him; and that the court could not lawfully admit evidence of his possession of narcotics in the preliminary examination.

Ordinance No. 6–1–2 of the City of Las Vegas makes it a misdemeanor for a person to appear in a public place in a disorderly condition.[1] The word "disorderly" is defined in Black's Law Dictionary, Fourth Edition, as "contrary to the rules of good order and behavior; violative of the public peace or good order; turbulent, riotous, or indecent." Cf. State v. Myrick, 164 S.E. 328 (N.C. 1932).

A peace officer may arrest a person for a misdemeanor committed in his presence without a warrant. NRS 171.235. We believe that the officers had sufficient personal knowledge and observation to arrest Lofton without a warrant as a person in a public place in a disorderly condition. The officers effected the arrest following their initial observation of Lofton only after they had taken further steps to satisfy themselves that their first impression of his disorderly condition was correct.

---

[1] "Any person who appears in any public place in the City in a disorderly condition or lies or sleeps on any street, sidewalk, alley or other public place in the City in a drunken or disorderly condition shall be guilty of a misdemeanor." This ordinance has since been repealed.

His arrest in the bar without further fact finding or investigation by them would have been doubtful. However, the officers followed a reasonable course in asking Lofton to accompany them outside. He complied willingly. This additional observation of the officers through their various senses confirmed the condition they suspected inside the bar.

The arrest being lawful, the officers had contemporaneous, constitutional right to search his person for weapons, instruments of the crime or contraband. Abel v. United States, 362 U.S. 217 (1960); Preston v. United States, 376 U.S. 364 (1964); Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967). They found contraband marijuana, possession of which was illegal per se and a continuing felony. Arabia v. State, 82 Nev. 453, 421 P.2d 952 (1966); Fairman v. Warden, supra. The evidence was properly admitted. The denial of habeas corpus was correct.

We affirm.

THOMPSON, C. J., and ZENOFF, J., concur.