## LESTER FOY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5189

January 22, 1968                    436 P.2d 811

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *George E. Franklin, Jr.,* District Attorney, *Alan R. Johns* and *Addeliar D. Guy,* Deputy District Attorneys, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

Lester Foy was convicted in the Eighth Judicial District Court of possession of narcotics, and a motion for new trial denied. On appeal, two issues are presented: Was the arrest made without probable cause, thereby rendering the narcotic found as a result of the arrest inadmissible in evidence; and, did the facts warrant imputing ownership of this narcotic to the appellant?

About noon on August 10, 1965, appellant was driving his automobile south on "D" Street in Las Vegas, when he was observed by Detective Bolden of the Las Vegas Police Department. Bolden turned his own car around and proceeded to follow, whereupon he noticed appellant's head bobbing back and forth, and that appellant speeded up after becoming aware of the officer's vehicle.

Appellant stopped his car in front of his residence, the officer pulled up a few feet in back of him, and the two men got out of the cars at approximately the same time. As appellant got out he was holding a white handkerchief in his hand and was coughing, at which point Bolden observed a yellow balloon pop out of his mouth and into the handkerchief. Appellant then began to run towards his residence, Bolden shouted to him to halt, that he was under arrest and, when he did not respond, applied restraint in the form of a tackle to the body. During the scuffle that ensued, appellant was observed to fling away the balloon that he held in his hand.

After appellant had been subdued and taken to the station, two other officers (summoned to the scene by a radio call for assistance) were delivered of a toy yellow balloon that had just been discovered in the yard adjoining appellant's residence. This balloon was later analysed by a police chemist and found to contain capsules of heroin.

1. *Probable cause for arrest.* Under NRS 171.235, a peace officer may make an arrest without a warrant when a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. Reasonable cause may result from suspicious conduct of the defendant in the presence of an officer. Schnepp v. State, 82 Nev. 257, 415 P.2d 619 (1966).

In this case, Officer Bolden had had extensive experience with narcotics violations and narcotics users; he knew appellant to be a user; he knew that it was common practice among users to conceal the drug inside toy balloons which, with the opening sealed, could be safely swallowed to destroy the evidence. In light of this knowledge, appellant's conduct in the presence of the officer was certainly suspicious: he was choking, a balloon fell out of his mouth, and he began to run. These circumstances would warrant belief that a felony had been committed by appellant. Probable cause for arrest without a warrant therefore existed. Nootenboom v. State, 82 Nev. 329, 418 P.2d 490 (1966); Lofton v. Warden, 83 Nev. 356, 431 P.2d 981 (1967).

Appellant's contention that both the arrest and search were illegal because Bolden had no reasonable cause for arrest prior to the time he saw the balloon and appellant started to run, is without merit. What occurred after the officer pulled up in back of appellant's car constitutes reasonable cause for arrest in the absence of a warrant [United States v. Williams, 314 F.2d 795 (6 Cir. 1963)], and the narcotic found subsequent thereto and in close proximity to the place of arrest was properly admitted into evidence. Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961); Whitley v. State, 79 Nev. 406, 386 P.2d 93 (1963); Dotson v. State, 80 Nev. 42, 389 P.2d 77 (1964).

2. *Imputation of ownership.* This issue is resolved against appellant under the holding in Stamps v. State, 83 Nev. 230, 428 P.2d 187 (1967), where the court stated: "Evidence of the throwing of a yellow object, coupled with the finding of a yellow balloon containing heroin in the area where the thrown object would have landed, will support the inference by the jury that defendant had possession of the object thrown." Officer Bolden not only saw a yellow object, he saw a yellow balloon being thrown, which was recovered from an area in which it could logically have landed. This was sufficient evidence to support the conclusion that appellant had possession of the illegal narcotic.

Counsel for appellant was court appointed. Accordingly, we direct the district court to give him the certificate specified in NRS 7.260(3) to enable him to receive compensation as provided in NRS 7.260(4).

Affirmed.