HOSIE OLIVER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5574

January 7, 1969                    449 P.2d 252

*James D. Santini,* Public Defender, *George D. Frame,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, for Respondent.

# OPINION

By the Court, BATJER, J.:

On January 29, 1967, at approximately 2 p.m., two Las Vegas police officers entered a club at "F" and Jackson Streets in Las Vegas. They testified that they had in their possession two warrants for the arrest of appellant, Hosie Oliver, for traffic violations and failure to appear. They placed the appellant under arrest and all three left the club and started toward the police car which was parked at the curb near the front door. No attempt was made by the officers to search the appellant. Just outside the door the appellant turned to the right, took several steps along the sidewalk and yelled up the street. As he did so both officers observed him remove his left hand from his pocket and make a throwing motion to his right. Simultaneously, a white object was seen to appear at the right side of appellant, fly into the wall and fall to the sidewalk. Officer Simpson walked directly to the object, picked it up and examined it. He concluded that it was a cigarette containing marijuana and arrested appellant for illegal possession of narcotics.

A jury found the appellant guilty of the charge and this appeal was taken from the judgment entered against him.

As his first assignment of error the appellant contends that the marijuana cigarette was improperly admitted into evidence because the prosecution did not establish with a sufficient degree of certainty that the appellant possessed the cigarette before it was observed in flight by the arresting officers and that it was not properly identified at the time of trial as the same marijuana cigarette. These contentions are wholly without merit. It would be hard to imagine a situation where the

degree of certainty of possession and identification could be stronger.

The arresting officers testified in detail about their observations. The white object was immediately retrieved by one of the officers and because it appeared to be a cigarette containing marijuana the appellant was forthwith put under arrest for illegal possession of narcotics. During the subsequent course of investigation the contents of the cigarette was chemically analyzed and found to be marijuana. The chain of custody from the moment the cigarette was retrieved by the officer until it was admitted into evidence by the trial court more than complies with the rule laid down by this court in Carter v. State, 84 Nev. 592, 446 P.2d 165 (1968), when it said: "A proper foundation was laid for the broken glass. The chain of custody was established. It is not necessary to negative the possibility of an opportunity for tampering with an exhibit nor to trace its custody by placing each custodian upon the stand. The statement that the exhibit is the identical object or reasonably resembles it and that it is in the same condition as at the time the offense occurred makes the exhibit admissible."

In Stamps v. State, 83 Nev. 230, 428 P.2d 187 (1967), this court said: "Evidence of the throwing of a yellow object, coupled with the finding of a yellow balloon containing heroin in the area where the thrown object would have landed, will support the inference by the jury that defendant had possession of the object thrown."

Appellant next cites as error the admission into evidence of the cigarette because he claims it was procured pursuant to an illegal search and seizure following an illegal arrest.

Here we do not reach the question whether there was an illegal search and seizure following an illegal arrest, or whether the appellant is precluded by reason of NRS 174.465 (now NRS 174.125) from seeking, for the first time on appeal, suppression of evidence obtained as a result of an illegal search and seizure.

The marijuana cigarette was not procured incident to a search, but it was abandoned property when it was retrieved by the police officers. In Stamps v. State, supra, this court held that where police officers discovered evidence in a public area where it was voluntarily thrown, there was no search, and said: "Looking at that which is open to view is not a search."

The appellant's assignments of error are without merit and the judgment of the trial court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.