PATRICK J. MANNING, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 6384

June 24, 1971                           486 P.2d 485

---

*Robert G. Legakes,* Public Defender, and *Robert Archie,* Deputy Public Defender, of Las Vegas, for Appellant.

*Robert List,* Attorney General, of Carson City; *Roy A. Woofter,* District Attorney; *Charles L. Garner,* Chief Deputy District Attorney for Appeals, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant having been convicted of possession of marijuana (NRS 453.030), his sole claim of error is that "[t]he court below erred in denying Appellant's Motion to Suppress evidence produced from the illegal arrest of the Appellant, such arrest not being made under probable cause."

The record reflects that Officer Christopher, who knew appellant by name and had a field identification card concerning him, observed appellant smoking a cigarette as the officer drove toward him in a marked police vehicle. Apparently seeing the police car, appellant flipped his cigarette in such a way as to arouse Christopher's suspicions; Christopher radioed for assistance; then, awaiting the arrival of "back-up" officers, he detained appellant and went through his clothing, finding nothing. When Officer Mathis arrived, he retrieved a marijuana cigarette from the place on a nearby doughnut shop parking lot, where Officer Christopher directed him to look. The conviction is based entirely on this evidence, found on the parking lot where appellant had thrown it, not on anything taken from appellant during the course of what he contends was an unlawful "search" of his person.

"Here we do not reach the question of whether there was an illegal search and seizure following an illegal arrest . . .

"The marijuana cigarette was not procured incident to a search, but it was abandoned property when it was retrieved by the police officers. In Stamps v. State, supra, this court held that where police officers discovered evidence in a public area

where it was voluntarily thrown, there was no search, and said: 'Looking at that which is open to view is not a search.' " Oliver v. State, 85 Nev. 10, 12, 449 P.2d 252, 253 (1969). See also: Stamps v. State, 83 Nev. 230, 428 P.2d 187 (1967).
  Affirmed.