## MARION THOMAS ALSUP, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 6440

October 13, 1971                    489 P.2d 679

*George G. Holden,* of Battle Mountain, for Appellant.

*Robert List,* Attorney General, and *T. David Horton,* District Attorney, Lander County, for Respondent.

## OPINION

By the Court, Zenoff, C. J.:

Marion Thomas Alsup was convicted by a jury of assault with a deadly weapon. He had originally been charged with attempted murder, mayhem and assault with intent to kill. The

conviction arose from a fight with Jack Noble outside a small bar at Battle Mountain. The testimony of several witnesses clearly established that Alsup had verbally and foully abused Noble over an extended period of time in the morning of March 16, 1969 and taunted him to fight. Noble made no response until the bartender asked Alsup to leave. When Alsup stuck his head through the doorway and again challenged Noble, Noble asked the bartender if he "had taken enough," and the bartender said, "Yes."

Then, Noble followed Alsup outside, the door was closed and no other persons were present when they commenced to fight. Noble testified that shortly after their combat commenced he felt pain in his back and side and noticed that he was very bloody. Alsup had been holding his right hand behind his knee, but Noble did not actually see a knife then or at any other time.

One of the bartenders glancing out the window saw Alsup throw something as Noble started to run away. Later, the same bartender who saw the throwing gesture found a blood-stained knife 130 feet from the place of the fight. The blood could not be identified but a fingerprint on the knife was positively identified as Alsup's.

By way of defense Alsup claimed self-defense and that he had no recollection of cutting up Noble.

The issues on appeal are:

1. Whether the knife was improperly admitted into evidence because it is alleged that the state failed to show beyond a reasonable doubt a link between the knife and the crime.

2. Whether color photographs of the victim's wounds were improperly admitted where there was testimony and demonstration by Noble of his scars and the wounds.

3. Whether the evidence supports the verdict.

1. Alsup objected to the admission of the knife into evidence on the ground that it was not properly connected with the crime. The accumulated testimony of eyewitnesses establishes that Noble suffered wounds from a sharp instrument, that "something" was thrown by Alsup after the fight, that the knife was found in the area where the thrown object would be, blood was on the knife and also Alsup's fingerprints were on the knife. Evidence of the throwing of the object coupled with the finding of it will support an inference in these circumstances that the accused had possession of the object thrown. When the evidence on the part of the prosecution is circumstantial an implement by means of which it is likely that a crime was

committed is admissible in evidence if it has been connected with the defendant. People v. Howard, 10 Cal.App.2d 258 (1935); People v. McCall, 10 Cal.App.2d 503, 505 (1935); Stamps v. State, 83 Nev. 230, 428 P.2d 187 (1967).

2. We can find no arguable issue in regard to the admission of the color photographs. They were merely cumulative since Noble exhibited the stitched wounds before the jury, but no blood or gore destroyed their objectivity. Photographic evidence is generally liberally admitted (Langley v. State, 84 Nev. 295, 439 P.2d 986 (1968); Morford v. State, 80 Nev. 438, 395 P.2d 861 (1964); State v. Gambetta, 66 Nev. 317, 208 P.2d 1059 (1949)), so long as the photograph sheds light upon some material inquiry.

3. The question whether the evidence supports the verdict is resolved by reference to the testimony of all of the witnesses. Alsup was the aggressor throughout. He is not exempt from the limitation of NRS 200.400(2)[1] that provides, "where no considerable provocation appears," because the evidence shows immense provocation on his part. Many witnesses, other than even Noble, established Alsup as the instigator of the fight and nothing appears that he was getting the worst of the fight to such extent that deadly force was justified. The factual assertions reveal that the jury chose to believe the many witnesses as against the weak testimony of Alsup. The verdict is amply supported. It is well-established that weighing the evidence is a jury function and when it is found that substantial evidence exists to uphold its verdict as there is here, this court will decline to disturb its judgment. Singleton v. State, 85 Nev. 819, 477 P.2d 591 (1970).

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.

---

[1]NRS 200.400(2): "An assault with a deadly weapon, instrument or other thing, with an intent to inflict upon the person of another a bodily injury, *where no considerable provocation appears, or where the circumstances of assault show an abandoned and malignant heart,* shall subject the offender to imprisonment in the state prison not less than 1 year nor more than 6 years, or to a fine of not more than $5,000, or to both fine and imprisonment."