**STATE of Iowa, Appellee,**

v.

**Robert Allen KOCH, Appellant.**

**No. 55939.**

Supreme Court of Iowa.

Jan. 16, 1974.

Keith A. Beekley, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Zigmund Chwirka, Woodbury County, Atty., for appellee.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP, and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal is from a conviction of possession of methamphetamine, a controlled substance. The evidence is conflicting on some points. The jury could find the following from the evidence.

Mrs. Raymond Harris owned a Studebaker car. At about 9:30 o'clock on the night in question, near Sioux City, Iowa, defendant Robert Allen Koch was riding

as a passenger in the car on the right side of the front seat. Raymond Harris was riding in the middle of the front seat, another man was driving, and two other men were riding in the back seat.

An Iowa Highway patrolman stopped the car because its taillights were defective. After telling the driver that the lights were out of order, the patrolman returned to his car to make out a repair card. The partolman testified:

At this time I noticed an arm come out of the right front door of the passenger side of the vehicle I had stopped. This arm was from where the defendant was sitting. Door went back closed and the arm went back in and then about one minute later the defendant opened the door, got out of the vehicle and as he got out he looked at me, walked over to the shoulder of the road where the concrete ends and the grass begins and turned his back to me and then turned and got back in the vehicle. I can't say for sure I saw him do anything while he was over by the grass.

The patrolman went to the right side of the car and directed his flashlight under the car and also toward the grass. He had the driver sign the repair card and directed his flashlight into the car. He saw a radio lying halfway under the front seat. He testified:

I asked the driver where the radio had come from and he said it came from a Dodge car sitting somewhere in Sioux City. I asked if they would let me look at it and they got out of the vehicle. [He later testified he said, " 'Would you get out please,' something to that effect."] The left side front and back doors were tied together and they got out the right side. I walked to the right side and stuck my head in the car. I picked up the radio and could smell the burning odor of marijuana in the vehicle. I then saw the ash tray of the vehicle and a pack of Camel cigarettes.

The patrolman picked up the ash tray and the pack of cigarettes. Two cigarettes in the pack were handrolled.

Thereupon the patrolman placed the five men under arrest and called for assistance. Other officers arrived, and one of them found two tin boxes in the grass off the passenger-side of the car. One was an Anacin box and the other was white in color. The boxes were dry although the grass was damp. They contained white powder.

The patrolman obtained a warrant to search the car. Behind the back seat he found a tin aspirin box also containing white powder. The officers also found a syringe and a spoon, but the record is unclear about that.

Subsequent tests showed that the two handrolled cigarettes contained marijuana and the three tin boxes contained methamphetamine. The syringe and spoon themselves contained nothing that tests revealed.

The county attorney charged the five men with possession of a controlled substance, methamphetamine. Four of them pleaded guilty. Defendant did not formally enter a plea, but he did stand trial and make defense.

Before trial, defendant moved to suppress the objects found in and beside the car. The motion was overruled on August 10, 1972.

Trial began October 31, 1972. The State introduced evidence of the matters we have recited. One witness testified that methamphetamine powder is normally injected with a syringe. When evidence was adduced about the objects found, defendant made no objection. The objects were marked and offered into evidence as exhibits A, B, C, and D. The prosecutor stated he offered exhibit B, the pack of cigarettes, for the limited purpose of corroboration. Defendant through his then counsel made this objection:

I will object to it for the reason that the same is irrelevant, immaterial. It was presented without proper foundation particularly in regard to B. I will also object to that which is the spoon and syringe, D, in that the testimony indicated that there was no chemical analysis of it for lack of a substance to analyze, and therefore does not tend to prove anything.

The court overruled the objection.

As a witness at the trial, Raymond Harris sought to take responsibility for possession of the methamphetamine. He testified that it was he rather than defendant who had the items and threw the tin boxes into the grass.

The jury found defendant Koch guilty and the court sentenced him. He appealed.

In his appeal, defendant assigns four errors but they amount to three basic contentions: (1) He did not plead not guilty, hence his conviction is void. (2) The objects were illegally obtained and evidence of them is therefore inadmissible. (3) The evidence is insufficient to show defendant possessed the methamphetamine.

■ I. *Absence of Formal Plea.* The first contention is without merit. State v. Lynch, 197 N.W.2d 186 (Iowa). Trial courts should see to it that the procedure on entry of pleas is followed, but defendant sustained no prejudice here.

■ II. *Inadmissibility of Evidence.* When defendant moved prior to trial to suppress the physical evidence, the court overruled the motion. Trial was held some two months later. When the State offered the physical evidence at trial, defendant had to object or he waived his objection. State v. Salazar, 213 N.W.2d 490 (Iowa).

■ Defendant did object at trial as to the cigarettes and the syringe and spoon, but on the grounds that evidence of those articles was irrelevant, immaterial, and without foundation. Assuming arguendo that the objections were themselves sufficient, defendant does not now urge those grounds. He now contends that the physical evidence was inadmissible because obtained by an illegal search. He did not lodge that objection at trial and cannot successfully urge it here. State v. Hinsey, 200 N.W.2d 810 (Iowa); State v. Bruno, 204 N.W.2d 879 (Iowa).

III. *Sufficiency of Evidence.* Defendant contends the circumstantial evidence was insufficient to submit to the jury the allegation that he had "possession" of the methamphetamine and therefore the trial court should not have instructed on the subject. The State claims the evidence was sufficient to show at least joint possession. The tests regarding possession are set out in State v. Reeves, 209 N.W.2d 18 (Iowa).

■ This is not a case in which the State proves only that the accused was riding in another's car and drugs were found somewhere in the car. The State proved circumstances here which tied defendant to the methamphetamine sufficiently to generate a jury question on joint possession. For decisions on possession of drugs found in automobiles, see State v. Puckett, 67 N.J.Super. 365, 170 A.2d 430, aff'd 34 N.J. 574, 170 A.2d 437; Davila v. State, 169 Tex.Cr.R. 502, 335 S.W.2d 610; Orosco v. State, 164 Tex.Cr.R. 257, 298 S.W.2d 134; Perry v. State, 164 Tex.Cr.R. 122, 297 S.W.2d 187. See also State v. Small, 423 S.W.2d 750 (Mo.); Foy v. State, 84 Nev. 76, 436 P.2d 811. The trial court correctly held that the State's evidence created a jury question on possession and therefore properly gave an instruction on that issue.

The verdict and sentence should stand.

Affirmed.