STATE of Iowa, Appellee,

v.

Randall S. PIERCE, Appellant.

No. 58429.

Supreme Court of Iowa.

April 14, 1976.

Russel A. Neuwoehner, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., and Robert J. Curnan, County Atty., for appellee.

Submitted to MOORE, C. J., and LeGRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for possession of marijuana in violation of § 204.401(3), The Code. He challenges the sufficiency of evidence on the possession issue and a court instruction on the knowledge issue. We affirm the trial court.

■ I. *Sufficiency of the evidence.* In ascertaining the sufficiency of evidence to sustain a guilty verdict, we view the record in its light most favorable to the State. Here the record contains evidence the defendant had been riding for at least one hour as a passenger in a van owned and driven by Steven Moore, when the van was stopped by a deputy sheriff on highway 20 near Dubuque at about 4:15 a. m. on December 5, 1974. When the passenger side of the van was opened, the officer observed a lid of marijuana in a plastic "baggie" on the floor of the van alongside the bucket seat between the seat and the door. The package was within defendant's reach. Defendant denied it was his. Moore, the driver, had amphetamines in his possession, but he said the marijuana was not his. Later he told the officer it was his marijuana and he did not want to get the defendant in trouble. Still later, Moore changed his story again and said the marijuana belonged to defendant.

No issue is raised here regarding the lawfulness of the search and seizure or the admissibility of Moore's statements. The only attack is upon the sufficiency of the evidence for jury submission on the element of possession.

In *State v. Reeves,* 209 N.W.2d 18, 22 (Iowa 1973), we held evidence on the possession element is sufficient if it shows constructive possession. We said constructive possession exists when the accused has control or the right to control the substance. It "may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another." Ibid.

Under this standard the State proved circumstances here which tied defendant to the marijuana sufficiently to generate a jury question on the possession issue. *State v. Koch,* 214 N.W.2d 202, 204 (Iowa 1974) ("This is not a case in which the State proves only that the accused was riding in another's car and drugs were found somewhere in the car.").

The trial court did not err in overruling defendant's motion for directed verdict challenging sufficiency of evidence of possession.

■ II. *The instruction.* In instruction 10, the trial court gave criminal uniform jury instruction 536.5 which permits the jury to infer knowledge of the presence of a controlled substance from the defendant's "words and conduct". Defendant contends here, as he did in his exception to the in-

struction at trial, that the instruction would improperly permit the jury to consider his failure to testify at trial as evidence of knowledge.

We rejected a similar attack on the same instruction in *State v. Davis,* 228 N.W.2d 67, 73–74 (Iowa 1975) (" * * * [W]e are not persuaded there is a reasonable possibility the jury will draw the subtle inference feared by defendant."). The trial court did not err in giving instruction 10.

Defendant also contends the court erred, in view of his exception to instruction 10, in failing on its own motion to give the jury an instruction cautioning it not to consider his failure to testify as evidence of guilt.

We have held, from sensitivity to a defendant's privilege against self-incrimination, that it is reversible error for a trial court to give such a cautionary instruction unless it is requested by the defendant. *State v. Kimball,* 176 N.W.2d 864, 869 (Iowa 1970). Defendant did not request the instruction in this case. Hence he may not predicate reversible error on the trial court's failure to give it.

No reversible error appears.

AFFIRMED.