**STATE of Iowa, Plaintiff-Appellee,**

v.

**Joe Edward HILL, Defendant-Appellant.**

**No. 65305.**

Court of Appeals of Iowa.

Sept. 29, 1981.

Patrick R. Grady, Asst. State Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and Richard Cleland, Asst. Atty. Gen., for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Defendant appeals from conviction of burglary in the second degree in violation of sections 713.1 and 713.3, The Code, 1979. He alleges that the trial court erred by not sustaining his motion for a directed verdict based on the State's failure to provide other proof corroborative of his confession as required by Iowa R.Crim.P. 20(4). We reverse.

Defendant Joe Edward Hill was observed stealing tires from a car by the Davenport police in the early morning hours of September 22, 1978. Defendant was arrested for the theft of these tires and subsequently pled guilty to the resulting charge. The present case involves a burglary charge filed as a result of a search of defendant's car after his arrest for theft. Several batteries were discovered in his car at this time. In response to a question about their presence, defendant said he stole them from "some junkyard." At police headquarters he apparently related a similar story; an officer took notes and typed up a statement, which the defendant signed. A subsequent suppression motion on the confession was unsuccessful.

The State offered testimony at trial concerning the arrest, the confession, and a trip by police with the defendant to a junkyard in order to corroborate his confession. At the close of the State's evidence, defendant moved for a directed verdict asserting the State had failed to offer any evidence of commission of the crime by defendant other than defendant's confession. The motion was overruled, and the defendant then testified. He denied stealing the batteries, saying he had driven through alleys and gotten them out of people's garbage. His motion for a directed verdict was renewed and denied, and the case was sent to the jury, which returned a verdict of guilty of burglary in the second degree.

I. Iowa R.Crim.P. 20(4) concerning the confession of a defendant states: "The confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense." The existence of corroborative evidence is an issue for the court, and its sufficiency is ordinarily for the jury. *State v. Hobson*, 284 N.W.2d 239, 243 (Iowa 1979); *State v. Vesey*, 241 N.W.2d 888, 890 (Iowa 1976). The rule requiring corroboration of confessions is similar to the rule requiring corroboration of accomplice testimony. *See* J. Yeager & R. Carlson, 4 Iowa Practice: Criminal Law and Procedure § 1161 at 272 (1979). Under prior law, only additional evidence of the commission of a crime was required. § 782.7, The Code 1977. "... [T]he confession rule has been tightened

and sharpened in the new revision." Yeager & Carlson, *Id.*

We have considered all of the evidence before the trial court and conclude that the court should have granted defendant's motion for directed verdict. The only evidence of a burglary by defendant or anyone was defendant's confession. The trip to the junkyard taken by the police and defendant was not "other proof that the defendant committed the offense." Nor did any of the other testimony provide such proof. Both the manager and one of the owners of the junkyard testified that they had no idea whether any batteries had been stolen from their place of business except that they had been so told by the police. The police had no source for such information other than defendant's confession.

The trial court erred in not granting defendant's motion for a directed verdict. The judgment and sentence are reversed and the cause remanded for entry of judgment of acquittal.

REVERSED.