STATE of Iowa, Plaintiff–Appellee,

v.

Karen Gail BRANDT, Defendant–Appellant.

No. 87–1693.

Court of Appeals of Iowa.

May 23, 1989.

William L. Wegman, State Public Defender, and B. John Burns, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., Denise Riley, Intern, and Allan W. VanderHart, Co. Atty., for plaintiff-appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

Karen Gail Brandt appeals from her conviction for possession of a controlled substance in violation of Iowa Code section 204.401(3), entered after a bench trial. Defendant was found to have constructive possession of marijuana which was found in the sewing room of the home she shared with her husband. Brandt urges this court to hold that an unwilling participant may not be found in constructive possession solely by virtue of her dominion and control over the premises upon which the substance is found. First, she asks this court to require the State to establish not only the ability but the intent to maintain control over the substance. Second, she claims there was insufficient evidence in the record to establish she had either the ability or the intent to control the substance.

**I. Doctrine of Constructive Possession of a Controlled Substance.** Iowa law, as set out in *State v. Reeves*, 209 N.W.2d 18, 22–33 (Iowa 1973), holds that constructive possession is all that is necessary in determining the possession element for violations under Chapter 204. The rule in *Reeves* is that:

[B]efore one charged with unlawful possession of ... any of the substances specified under the provisions of chapter 204 may be convicted, the State must establish beyond a reasonable doubt that the accused *knew of the presence of such substances on premises occupied and controlled by him,* either exclusively or jointly with others and the nature of the material. (emphasis added).

*Reeves,* 209 N.W.2d at 22. The *Reeves* court's interpretation of the doctrine of constructive possession as it applies to the present case is that:

[W]here the accused has not been in exclusive possession of the premises but only in joint possession, *knowledge of the presence of the substances on the premises and the ability to maintain control over them* by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements or circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the substances on the premises. (emphasis added).

*Reeves,* 209 N.W.2d at 23. "[C]onstructive Possession exists when the accused has control or the right to control the substance." *State v. Pierce,* 240 N.W.2d 678, 679 (Iowa 1976).

Defendant asks this court to augment the *Reeves* definition of constructive possession to require the State to establish not only the ability but the intent to maintain control over the substance. She cites cases from other jurisdictions which hold the State must prove intent to make use of the knowledge and ability for the purpose of obtaining and using the controlled substance. We decline to adopt this line of cases. Intent to exercise control over the substance is not an element of proof in Iowa under Chapter 204.

**II. Substantial Evidence.** Brandt accepts the trial court's factual findings, but asserts these facts are an insufficient basis for finding her in constructive possession of marijuana. The principles governing the standard of review upon the issue of sufficiency of the evidence are well established:

When reviewing the sufficiency of evidence, we view the evidence in the light most favorable to the State, including all legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record. It is necessary to consider all of the evidence and not just the evidence supporting the verdict. A jury verdict is binding upon this court and will be upheld unless the record lacks substantial evidence to support the charge. Substantial evidence means evidence which would convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). This scope of review is equally applicable where, as here, the case was tried to the court. Thus, the trial court's findings of fact are binding on appeal if supported by substantial evidence. *State v. Hall,* 287 N.W.2d 564, 565 (Iowa 1980).

The State's burden of proof here was to show, by substantial evidence, that Karen Brandt knew of the presence of marijuana in her home and had the ability to maintain control over the marijuana. Under *Pierce,* the State must show control or the right to control the substance.

The trial court found that a search warrant on the defendant's residence was issued when the police were informed her son had brought a small sample of marijuana to school. The police apparently were at the home because her husband's name, Gilbert Brandt, had come up during a separate drug investigation in 1986. When the police arrived at the residence, the defendant answered the door and then went upstairs to get her husband. Her husband came down the stairs while defendant remained upstairs. The police observed the defendant coming out of her sewing room. The police searched the house and found a duffel bag containing a scale in an open area of the sewing room and plastic bags containing a pound and one-half of marijuana under a pile of sewing material and clothes in the sewing room closet. They testified this closet was particularly messy compared to the neatness of the rest of the house. They also found a pipe with marijuana residue in a kitchen drawer and a Smurf cup in the cupboard containing marijuana seeds, a roach, and alligator clips used for smoking marijuana.

The defendant testified she was unaware the marijuana was in her house. She did testify, however, about a prior incident in which she found marijuana in a drawer and threw it out. Her husband apparently became angry and threatened her with physical harm if she ever did that again.

 We find substantial evidence in the record that Karen Brandt was in constructive possession of marijuana. A rational finder of fact could very well presume that she had knowledge the marijuana was in the house and that she had the ability to control the substance and did in fact control the substance by attempting to hide it in the sewing closet when the officers arrived. The court legitimately inferred that Karen, not her husband, had hidden the marijuana. We find the trial court's conclusion was supported by substantial evidence.

AFFIRMED.