STATE of Iowa, Appellee,

v.

**Matthew James TORRES, Appellant.**

No. 92–400.

Court of Appeals of Iowa.

June 29, 1993.

As Corrected July 9, 1993.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., and Patrick Chambers, County Atty., for appellee.

Heard by HAYDEN, P.J., and HABHAB, J., and KEEFE, Senior Judge.*

* Senior Judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

KEEFE, Senior Judge.

Defendant Matthew James Torres was charged with possession of marijuana with intent to deliver, in violation of Iowa Code section 204.401(1)(d), five counts of failure to affix a drug tax stamp, in violation of sections 421A.3 and 421A.12, and theft in the third degree, in violation of sections 714.1(3) and 714.2(3).

On September 12, 1991, State Trooper Jerry Ostbloom was driving south on I–35 in Hamilton County at about 2:00 p.m. He noticed a yellow Pontiac Firebird which came up beside him two times before it finally passed him. Ostbloom noticed the occupants of the car were not wearing seat belts. He turned on his lights and the Pontiac pulled over to the side of the road. Ostbloom came up to the stopped car and noticed the smell of marijuana.

The driver of the car stated his name was Jerry Palmer and the passenger stated his name was Mark Edward Torres. Upon checking the identification of the two men, Ostbloom discovered the driver was actually Bradley Winters and the passenger was Matthew James Torres. The car was not registered to either Winters or Torres. The men stated they were on their way to Des Moines. Torres stated he had some camera lenses which he planned to pawn in Des Moines.

By this time State Trooper Robert Hansen had arrived on the scene. Neither Winters nor Torres had a valid drivers' license. The officers then conducted an inventory search of the car before it was towed. In the car they found stereo equipment, a radar detector, and camera lenses. They also found some papers on a console between the two front seats. The papers mentioned Bradley Winters, as well as the names of two drug dealers from Madrid, Iowa.

In the trunk of the car the troopers found a paper bag which contained five plastic bags of marijuana. The articles in the trunk all had a coating of dust, except for the paper bag containing the marijuana. The total amount of marijuana found was fifty-eight ounces, which is 3.625 pounds.

The two men were then arrested and given their *Miranda* rights. Trooper Hansen transported Torres to the police station. During the trip Torres asked why he had been arrested. Hansen stated marijuana had been found in the trunk of the car. Torres said, "And that's it?" Torres also said, "I am not a snitch." Hansen stated, "To me, that implies that you know something about the large quantity of marijuana that we found." Torres responded, "No, no."

The paper bag and plastic bags were examined for fingerprints. A palm print was found on one of the plastic bags. The print did not match that of Torres.

The case was tried before a jury. Torres testified that Winters approached him on September 12, 1991, and said he was going to Des Moines to visit some relatives. He asked Torres if he would like to ride along. Torres stated he wanted to take some camera lenses to a pawn shop in Des Moines and agreed to go along. Torres stated he did not ever drive the car during the trip and did not ever have the keys to the car. He testified he did not see the interior of the trunk. He also testified he knew nothing about the marijuana in the trunk until the officers took it out.

Upon defendant's motion for directed verdict, the district court dismissed the charge of theft in the third degree. The other charges were submitted to the jury. The jury found defendant guilty of possession of a controlled substance with intent to deliver and guilty on all five counts of failure to affix a drug tax stamp.

On defendant's motion for a new trial, the district court vacated his convictions on four of the drug tax stamp charges. The court then entered judgment on the conviction for possession with intent to deliver and on one count of failure to affix a drug tax stamp. Defendant appealed.

Our scope of review is on assigned errors only. Iowa R.App.P. 4. Defendant raises two arguments on appeal. First, that there was insufficient evidence to support the jury findings that he was guilty of either offense. Second, that he was denied effective assistance of counsel.

Defendant claims that his convictions were not supported by substantial evidence and

the trial court erred in overruling his motion for judgment of acquittal. All the evidence must be reviewed in the light most favorable to the State, including legitimate inferences and presumptions which may be fairly and reasonably deduced. *State v. Hall,* 371 N.W.2d 187, 188 (Iowa App.1985).

The court should affirm if there is substantial evidence in the record to support the charges. Substantial evidence is such evidence that "could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt." *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984).

■ There was no evidence in the record that defendant ever had actual possession of the drugs in question. In this case the trial court gave instruction No. 12, which included a definition of constructive possession of drugs. The instruction stated, "A person who is not in actual possession, but who has knowledge of the presence of something and has the authority or right to maintain control of it either alone or together with someone else is in constructive possession of it...."

There is no evidence that defendant knew of the presence of the drugs in the trunk. Further, there was no evidence that defendant had any authority or right to maintain control of the drugs alone or with his codefendant. The State's case is based on the following facts: (1) defendant was a passenger in the car; (2) the smell of marijuana in the passenger compartment of the car; (3) the incriminating documents on the car console; and (4) defendant's lack of shock when he was told of the presence of marijuana in the trunk.

■ The law is clear that a jury verdict of guilty can be supported by circumstantial evidence alone. *State v. Moses,* 320 N.W.2d 581, 586 (Iowa 1982); *State v. O'Connell,* 275 N.W.2d 197, 205 (Iowa 1979). However, this in no way relieves the State of its burden of proof, which is beyond a reasonable doubt.

The facts here do not meet the tests of *State v. Pierce,* 240 N.W.2d 678, 679 (Iowa 1976), or *State v. Reeves,* 209 N.W.2d 18, 22 (Iowa 1973). Under these cases constructive possession may be imputed where contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his or her dominion and control, or to the joint dominion and control of the accused and another. *Id.*

The case most directly on point is *State v. Koch,* 214 N.W.2d 202, 204 (Iowa 1974), in which the Iowa Supreme Court stated, "This is not a case in which the State proves only that the accused was riding in another's car and drugs were found somewhere in the car." *See also State v. Hill,* 314 N.W.2d 171, 172 (Iowa App.1981); Raymond W. Sullins, *Iowa Criminal Law,* 24 Drake L.Rev. 105, 120 (1974).

The strongest fact to support the State's charges is the smell of marijuana emanating from the car. This might support a simple possession charge under section 124.401(3), but not the "with intent to deliver" charge under section 124.401(1)(a).

If the underlying drug charge fails, it follows that the defendant cannot be guilty of a violation of section 453B.3 or section 453B.12 for failing to affix a tax stamp.

Considering all the evidence in the light most favorable to the State, we find there is not substantial evidence to support these charges.

We reverse. This case is remanded to the district court for the entry of an order of dismissal of the charges appealed by the defendant.

**REVERSED AND REMANDED.**

HAYDEN, P.J., concurs.

HABHAB, J., dissents.

HABHAB, Judge, (dissenting).

I respectfully dissent. The State's case, for the most part, must rise or fall on the question of constructive possession. Like the trial court, I believe there is substantial evidence to submit this fact question to the jury. The jury had before it the instruction on constructive possession. Before it could reach a verdict, it had to first decide whether the State had met its burden concerning this

issue. It found that the State had done so. I would affirm.