**In the Interest of W.B., Minor Child,**

**W.B., Minor Child, Appellant.**

**No. 00–1178.**

Court of Appeals of Iowa.

June 13, 2001.

Thomas W. Polking of Wilcox, Polking, Gerken, Schwarzkopf, Hoyt & Copeland, P.C., Jefferson, for appellant.

Thomas J. Miller, Attorney General, Tabitha Gardner, Assistant Attorney General, and Cynthia Goins Voorde, County Attorney, for appellee.

Heard by SACKETT, C.J., and ZIMMER, and VAITHESWARAN, JJ. VOGEL, J., takes no part.

ZIMMER, J.

W.B. appeals a juvenile court dispositional ruling finding he committed the delinquent act of possession of alcohol under the legal age in violation of Iowa Code section 123.47(2) (1999). W.B. contends

the juvenile court erred in concluding there was substantial evidence that he had possession or control of alcohol at a party. We agree and reverse.

*I.* *Background Facts and Proceedings.* On March 11, 2000, seventeen-year-old W.B. went to the home of a friend. His friend and another acquaintance told W.B. they planned to attend a party at a rural Calhoun county residence. W.B.'s friends asked him if he would pick them up at the party in about two hours. W.B. agreed to do so.

Later, W.B. traveled to the location of the party to pick up his friends. When he arrived, the party was already in progress. W.B. entered the house where the party was being held. Approximately fifty young people from the area were in attendance. Almost all were under age. Alcohol was available at the party to anyone who wanted it. The alcoholic beverages were being kept in a refrigerator in the basement. Those persons consuming the alcohol were contributing money to those who brought it. W.B. did not take alcohol to the party and the State offered no evidence to show that W.B. purchased, consumed or personally possessed any alcohol while at the party.

When police arrived at the party, W.B. and a number of other minors fled the scene. W.B. testified that he knew his mere presence at a party where alcohol was being consumed was a violation of his school's rules and could result in his suspension from athletic activities. He claims this was his motivation in fleeing the party. W.B. turned himself in to authorities the next day.

On April 21, 2000, the State filed a petition alleging that W.B. committed the delinquent act of possession of alcohol under the legal age, in violation of Iowa Code section 123.47(2). After an adjudicatory hearing, the juvenile court concluded W.B.

was an integral part of a group that possessed a significant amount of alcoholic liquor and beer. The court also concluded W.B. aided and abetted his friends in their possession and control of alcohol. As a result, the court concluded W.B. committed the delinquent act of possession of alcohol under legal age. W.B. was ordered to serve six months informal probation and perform twenty-four hours of community service. W.B. appeals contending there was insufficient evidence to support his delinquency adjudication.

■ *II.* *Scope of Review.* Our review of juvenile delinquency proceedings is de novo. *In re T.V.*, 563 N.W.2d 612, 613 (Iowa 1997). While we give weight to the fact-findings of the trial court, we are not bound by them. *In re C.T.*, 521 N.W.2d 754, 756 (Iowa 1994).

*III.* *Sufficiency of the Evidence.* W.B. contends the juvenile court erred in concluding there was substantial evidence that he had possession or control of alcohol at a party.

*A.* *Possession.* The juvenile court found proof beyond a reasonable doubt that W.B. possessed alcohol in violation of Iowa Code section 123.47(2). Section 123.47(2) states, in pertinent part, "A person or persons under legal age shall not purchase or attempt to purchase, or individually or jointly have alcoholic liquor, wine, or beer in their possession or control. . . ." The issue presented by this appeal is whether or not W.B. violated section 123.47(2) merely by being present at a party where alcoholic beverages were available to minors. No Iowa appellate court has addressed this issue.

■ The State does not contend it proved W.B. was in actual possession of alcohol. Actual possession would require alcohol to have been found on W.B.'s person. *See State v. Atkinson*, 620 N.W.2d 1,

3 (Iowa 2000). Indeed, there is no evidence in the record to show W.B. purchased, attempted to purchase, consumed, or personally possessed any alcohol. Nevertheless, the State claims W.B. was properly adjudicated a delinquent by virtue of his mere presence at a party where alcohol was accessible to minors. In support of this argument, the State contends we should extend the doctrine of constructive possession, which has evolved in the context of controlled substance cases, to cases involving possession of alcohol by minors. In narcotics cases, constructive possession is established by showing:

> (a) that the accused exercised dominion and control ... over the contraband,
>
> (b) that he had knowledge of its presence, and
>
> (c) that the accused had knowledge that the material was a narcotic.

*Id.* "Constructive Possession exists when the accused has control or the right to control the substance." *State v. Brandt,* 444 N.W.2d 97, 98 (Iowa Ct.App.1989) (quoting *State v. Pierce,* 240 N.W.2d 678, 679 (Iowa 1976)). Utilizing these criteria, possession of controlled substances can be proved without actual physical possession being shown. Because W.B. testified that alcohol was available to him if he desired it, the State argues W.B. was in constructive possession of alcohol even though he did not physically possess it while at the party.

In response, W.B. contends the constructive possession standard used in cases dealing with possession of illegal drugs should not be imported to cases involving minors in possession of alcoholic liquor. He argues that alcohol differs sufficiently from illegal drugs to justify application of a different standard to prove possession or control. We agree. Possession of a controlled substance without a prescription is illegal in any context, while possession of alcohol is illegal only by those under the age of twenty-one. Blind application of the doctrine of constructive possession to section 123.47(2) could lead to absurd and, we believe, unintended results. For instance, a minor who knows his parents, guardians, or adult roommates keep beer in their refrigerator would arguably be guilty of possession merely because he has knowledge of the presence of the alcoholic beverages and has the ability to maintain control over them. In addition, a minor who was present at a party where alcohol was available, but did not drink alcohol and encouraged other minors not to do so, would still be guilty of possession or control under the State's theory. We conclude a different standard of proof for illegal possession is required under our possession of alcohol as a minor statute.

We now hold that in order to prove a minor guilty of violating section 123.47(2), the State must prove either actual possession or constructive possession based on facts which permit the inference of an intent to possess or control alcoholic beverages.[1] While the surrounding facts and circumstances of a given case may give rise to a reasonable inference of an intent to possess or exercise control over alcohol, we find no such intent is evidenced in this case. Here, the State offered no evidence that W.B. took alcohol to the party he attended. In addition, there is no evidence that he bought, touched, or consumed alcohol. W.B. did not reside at the house where the party occurred and he played no role in organizing the party.

---

1. We distinguish this case from our holding in *Brandt,* 444 N.W.2d at 98, where we found, "Intent to exercise control over [a controlled substance] is not an element of proof in Iowa under Chapter 204." Former Chapter 204 is now Iowa Code chapter 124, the Iowa Controlled Substances Act.

There is no evidence in the record that W.B. supplied alcohol to other minors or encouraged other minors to drink. We conclude there was insufficient evidence to support the juvenile court's finding that W.B. possessed alcohol as a minor.

**B. Aiding and Abetting.** In its ruling, the juvenile court also found W.B. aided and abetted his friends in their possession of alcoholic liquor and beer. Although W.B. was never charged with aiding and abetting, we will address this issue briefly.

Iowa Code section 703.1 makes it a crime to aid and abet others in the commission of a crime.

> All persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet its commission, shall be charged, tried, and punished as principals. The guilt of a person who aids and abets the commission of a crime must be determined upon the facts which show the part the person had in it, and does not depend on the degree of another person's guilt.

Iowa Code § 703.1.

The juvenile court found that W.B. lent countenance to the commission of a crime by his presence at the party. The court opined that a "critical mass" of people was necessary to insure the success of the party. Therefore, W.B.'s attendance at the party lent his approval to the illegal activities that took place there.

Aiding and abetting occurs when one actively participates or in some manner encourages the commission of a crime prior to or at the time of its commission. *State v. Tangie*, 616 N.W.2d 564, 574 (Iowa 2000). Knowledge of the crime is not enough to prove aiding and abetting. *Id.* Likewise, presence at the scene of the crime, without more, is not enough to sustain a guilty finding. *Id.*

Based on the record, it does not appear that W.B. aided or abetted in the commission of a crime. Rather, it appears he simply had knowledge of and was present at the scene of the crime. There is no testimony that he encouraged anyone to drink alcohol or that any of his actions equaled "active participation." Therefore, the principle of aiding and abetting does not apply to this case.

We conclude there was insufficient evidence to support the juvenile court's finding that W.B. possessed or controlled alcohol or aided and abetted others in their possession of alcohol. Therefore, we reverse the juvenile court's dispositional ruling finding he committed the delinquent act of possession of alcohol under the legal age in violation of Iowa Code section 123.47(2).

**REVERSED.**